# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KONINKLIJKE KPN N.V.,        :

         Plaintiff,        :

v.        :        Civil Action No. 17-87-LPS-CJB

KYOCERA CORPORATION and        :
KYOCERA INTERNATIONAL, INC.,        :

         Defendants.        :

## MEMORANDUM ORDER

Pending before the Court is Defendants Kyocera Corporation ("Kyocera Corp.") and

Kyocera International, Inc.'s ("Kyocera International" and collectively with Kyocera Corp.,

"Kyocera" or "Defendants") motion to dismiss (1) Kyocera International for improper venue or,

in the alternative, to transfer venue to the Southern District of California; (2) Kyocera Corp. for

lack of personal jurisdiction; and (3) the entirety of Plaintiff Koninklijke KPN N.V.'s ("KPN" or

"Plaintiff") First Amended Complaint for failure to state a claim upon which relief can be

granted. (D.I. 16) Having considered the parties' motion briefing (D.I. 17, 18, 24), KPN's

Notice of Change in Circumstances and Supplemental Authority and Defendants' Response

thereto (D.I. 43, 47), and the parties' letter briefing in response to the Court's September 11,

2017 Oral Order (D.I. 51, 62, 63, 65, 66), and for the reasons stated below, IT IS HEREBY

ORDERED that Defendants' motion to dismiss (D.I. 16) is GRANTED-IN-PART and DENIED-

IN-PART.

## The Venue Defense Is Not Untimely

As an initial matter, Defendants' venue challenge is not untimely. As the Court of

Appeals for the Federal Circuit recently held, "[t]he Supreme Court changed the controlling law

when it decided *TC Heartland*[1] in May 2017." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1099 (Fed. Cir. 2017). Therefore, "[t]he venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue." *Id.* at 1096.

Nor does the Court find that Kyocera International forfeited its challenge to venue due to its conduct in this litigation. *See Micron*, 875 F.3d at 1101 ("[D]istrict courts have authority to find forfeiture of a venue objection."); *Boston Scientific Corp. v. Cook Group Inc.*, __ F. Supp.3d __, 2017 WL 3996110, at *9 (D. Del. Sept. 11, 2017) ("Prototypical examples of where the Court might reach such a conclusion [that a defendant has forfeited its venue challenge] include where a defendant raises venue for the first time on the eve of trial, or many months (or years) after *TC Heartland* was handed down, or where dismissal or transfer would unduly prejudice a plaintiff. Or a party may have taken affirmative steps in the litigation that should, in particular circumstances, be viewed as essentially estopping that party from prevailing on an improper [venue] defense.") (internal citations omitted).

KPN argues that Kyocera International forfeited its objection to venue by joining in a Motion for Judgment on the Pleadings filed in this and eight other related cases on August 16, 2017, asserting that United States Patent No. 6,212,662 is invalid pursuant to 35 U.S.C. § 101. The Court disagrees.

KPN filed its initial complaint on January 30, 2017, and an amended complaint on February 21, 2017. (D.I. 1, 10) In lieu of answering, on June 9, 2017, Defendants filed their pending motion to dismiss, due to, *inter alia*, improper venue pursuant to Federal Rule of Civil

---

[1]*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).

Procedure 12(b)(3). (D.I. 16) Subsequently, Kyocera International has repeatedly reaffirmed that it contests venue (D.I. 24; D.I. 26 at 2; D.I. 28 at 1; D.I. 33 at 1), and even moved to stay the case pending resolution of the instant motion (D.I. 33), a request KPN opposed (D.I. 37).[2] Under these circumstances, KPN is wrong to insist that Kyocera International's joinder in the Section 101 motion filed in several coordinated cases waived its steadfast challenge to venue. *See, e.g., Lites Out, LLC v. OutdoorLink, Inc.*, 2017 WL 5068348, at *4 (E.D. Tex. Nov. 2, 2017) (finding no waiver due to defendant's participation in litigation, where defendant timely disputed venue and maintained its challenge to venue thereafter, thus "clearly and consistently question[ing] venue before taking part in the claim construction hearing"); *cf. In re Rosuvastatin Calcium Patent Litig.*, 2009 WL 4800702, at *6 (D. Del. Dec. 11, 2009) (finding no waiver of defendant's right to contest jurisdiction where it continued to contest jurisdiction while simultaneously filing counterclaim and defending itself in lawsuit).[3]

Nor does the Court's conclusion of no forfeiture threaten Plaintiff with any undue prejudice, particularly given that trial is not scheduled to begin until at least September 9, 2019. (D.I. 50 at 21)

Kyocera International is Not a Delaware Resident for Purposes of Patent Venue

Venue in a patent case for domestic corporations is governed exclusively by 28 U.S.C.

---

[2]The Court denied Defendants' motion to stay on September 15, 2017.

[3]KPN relies heavily on the Third Circuit's decision in *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435 (3d Cir. 1999). (*See* D.I. 43 at 1; D.I. 62 at 1) In *Bel-Ray*, 181 F.3d at 443-44, the defendants included a personal jurisdiction defense in their answer, and then – before filing any motion based on lack of jurisdiction – filed a motion for summary judgment on their counterclaim. Thereafter, when the defendants sought to support their personal jurisdiction defense with affidavits, the Court deemed their defense waived. *See id.* The Court views the circumstances here as materially different.

§ 1400(b), *TC Heartland*, 137 S. Ct. at 1516, which provides: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of § 1400(b), a defendant which is a domestic corporation "resides" only in its state of incorporation. *See TC Heartland*, 137 S. Ct. at 1517. It is undisputed that Kyocera International – which is incorporated in California (D.I. 10 at ¶ 7) – does not "reside" in Delaware.

Venue is Not Proper in Delaware for Kyocera International Under the Second Prong of § 1400(b)

Venue is proper in this District unless Kyocera International can show that the second prong of § 1400(b) is not satisfied. *See Boston Scientific*, 2017 WL 3996110, at *4 (holding that burden is on party opposing venue). With respect to the second prong's requirement that a defendant have committed "acts of infringement" in the District, it is undisputed that Kyocera International has sold and offered for sale its allegedly infringing products in Delaware. (*See* D.I. 17 at 5-6; D.I. 18 at 9) Therefore, Delaware is a proper venue for this lawsuit unless Kyocera International can meet its burden to show it does not have a regular and established place of business in Delaware. If Kyocera International can show that that is true, then venue here is improper as to it, and the Court will have to dismiss or transfer this case (at least as to Kyocera International).

Kyocera International has met its burden – and, indeed, KPN no longer seriously disputes that Delaware is an improper venue as to Kyocera International. (*See* D.I. 62 at 3) In Kyocera International's sworn declarations, it indicates that it has no physical location or facility in Delaware, and while it has a single employee who lives in Delaware, that employee's office is

4

located at Kyocera International's facility in New Jersey, and the employee has no business responsibilities in Delaware. (D.I. 17 Ex. B at ¶ 3; D.I. 63 Ex. A at ¶ 2) Kyocera International has shown that it does not have a regular and established place of business in this District. Thus, venue does not lie in Delaware for Kyocera International under the second prong of Section 1400(b).[4]

Kyocera Corp. Is a Foreign Defendant and May be Sued in Any Judicial District

Kyocera Corp. is a foreign defendant; specifically, it is a Japanese company with its principal place of business in Kyoto, Japan. (D.I. 10 at ¶ 6) In *Brunette Mach. Works., Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 706-07 (1972), the Supreme Court held that when a foreign defendant is sued in a patent infringement action, the general venue provision, 28 U.S.C. § 1391, governs. Pursuant to § 1391, a foreign defendant may be sued in any judicial district. *See* 28

_____

[4]KPN argues that there are inconsistencies in the pair of declarations Kyocera International submitted in connection with this motion and, in turn, the Court should doubt the veracity of all of Kyocera International's venue-related representations. The Court disagrees. In Kyocera International's first sworn declaration, Eric Klein, its Vice President, General Counsel, and Corporate Secretary, declared that Kyocera International "has no employees, agents, or representatives in Delaware." (D.I. 17 Ex. B at ¶ 4) In a supplemental declaration, Mr. Klein stated that "Kyocera International has one employee who lives in Delaware. His office is at Kyocera International's facility in [] New Jersey. He does not have any business responsibilities in Delaware." (D.I. 63 Ex. A at ¶ 2) The Court understands the second declaration to be (on this point) a clarification: the company has one employee who resides in Delaware, but that employee does not perform the defendant's work in Delaware. This does not call into doubt the entirety of Kyocera International's factual representations nor justify venue-related discovery. This is particularly so given the Federal Circuit's explanation in *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017) that a physical place that is "solely a place of the defendant's employee," including an employee's home, is not a place "of the defendant" unless the defendant "establish[es] or ratif[ies] the place of business." *See also id.* at 1366 ("The fact that the defendant's employee owns a home in which he carries on some of the work that he does for the defendant [i]s insufficient to establish venue[, . . . as this] merely show[s] that there exists within the district a physical location where an employee of the defendant carries on certain work for his employer.") (internal quotation marks omitted).

U.S.C. § 1391(c)(3). It is undisputed that Kyocera Corp., as a foreign defendant, is subject to venue in Delaware. (D.I. 63 at 1; D.I. 62 at 2)[5]

This Court May Exercise Personal Jurisdiction Over Kyocera Corp.

In addition to arguing that venue is improper as to both Kyocera International and Kyocera Corp., Defendants' motion also seeks dismissal of Kyocera Corp. pursuant to Federal Rule of Civil Procedure 12(b)(2), based on lack of personal jurisdiction. (D.I. 17 at 7-9) The Court concludes that this portion of Defendants' motion lacks merit.

This Court may exercise personal jurisdiction over a foreign defendant pursuant to the "dual jurisdiction" or "stream of commerce" theory, where there is a showing: (1) of an intent to serve the Delaware market; (2) this intent results in the introduction of the product into the market; and (3) plaintiff's cause of action arises from injuries caused by that product. *See Graphics Props. Holdings, Inc. v. ASUS Comput. Int'l*, 70 F. Supp. 3d 654, 662 (D. Del. 2014); *see also Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1350 (Fed. Cir. 2016) (explaining that when defendant shipped numerous accused products to Delaware retailers, fully expecting that such products would thereafter be sold in Delaware, its actions were "purposefully directed to Delaware, indicating an intent and purpose to serve not only the U.S. market generally, but also the Delaware market specifically").

The record here shows that these preconditions are satisfied. In its Form 20-F Annual

---

[5]While *TC Heartland* declared that venue for a domestic corporation is governed solely and exclusively by § 1400(b), *see* 137 S. Ct. at 1516-17, the Supreme Court made clear that this holding did not address the applicability of § 1400(b) to foreign defendants, explicitly stating that it was not "express[ing] any opinion on" its holding in *Brunette, id.* at 1520 n.2. Hence, *Brunette* remains good law. *See, e.g., Red.com, Inc. v. Jinni Tech. Ltd.*, 2017 WL 4877414, at *7 (C.D. Cal. Oct. 11, 2017).

Report for the fiscal year ended March 31, 2015, Kyocera Corp. stated it "develops, manufactures and sells mobile phones such as smartphones . . . mainly for telecommunications carriers [such as Sprint Corporation, Verizon Communications Inc., T-Mobile US, Inc. and AT&T Inc.] in Japan and the U.S." (D.I. 19 Ex. 3 at 17-18; *see also* D.I. 17 Ex. B at ¶ 7)

Defendants assert that the Supreme Court recently rejected the dual jurisdiction theory of personal jurisdiction, in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). (D.I. 24 at 8; D.I. 66 at 2 n.1) The Court disagrees. *Bristol-Myers Squibb* involved a class action filed in a California state court by a large group of plaintiffs, most of whom did not reside in California, against a Delaware corporation based in New York, asserting injuries from defendant's drug product. *See* 137 S. Ct. at 1777-78. The California Supreme Court utilized a "sliding scale approach" to find that California courts had specific jurisdiction over the nonresidents' claims. *Id.* at 1778-79. In reversing the California Court, the Supreme Court emphasized that what is needed for specific jurisdiction – and what was missing in *Bristol-Myers Squibb* – "is a connection between the forum and the specific claims at issue." *Id.* at 1781-82. No such connection could be discerned where the nonresidents were not prescribed the drug at issue in California, did not buy it in California, did not ingest it there, and were not injured by the drug in California. *Id.*

By contrast, here, the record shows that Kyocera Corp. intended to serve the Delaware market, and as a result, the accused products are being sold here, thereby allegedly causing damage to Plaintiff. Thus, Defendants' argument based on *Bristol-Myers Squibb* is unavailing.

Venue Proper as to One Defendant and Improper as to Second Defendant

In light of the Court's conclusions above, venue is proper here as to Kyocera Corp., but

improper as to Kyocera International. Defendants request that both Defendants be dismissed or transferred together to the Southern District of California pursuant to 28 U.S.C. § 1406(a). (D.I. 17 at 9; D.I. 24 at 5-7; D.I. 66 at 2 & n.2) Section 1406(a) instructs district courts that when a suit is filed in an improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." KPN objects to transfer of the entire case and, instead, requests that the Court dismiss Kyocera International without prejudice and allow this case to proceed in Delaware against just Kyocera Corp. (D.I. 62 at 3; D.I. 65 at 2) KPN would then "forego pursuing [its] claims [against Kyocera International] during the pendency of this action." (D.I. 62 at 3)

In the Court's view, an immediate transfer of the case as to both Defendants is not the most reasonable and appropriate outcome – particularly given KPN's objection, KPN's contingent request that its case against Kyocera International be dismissed, and the fact that ten other, related actions (involving the '662 patent) are pending before the undersigned Judge. The Court is not (as yet) persuaded that it is in the interest of justice to burden a second District Court with patent infringement and invalidity disputes that overlap (if not entirely mirror) disputes this Court must (undisputedly) resolve in the related actions. Therefore, the Court will provide Plaintiff an opportunity to dismiss its claims against Kyocera International (which Plaintiff has not yet actually done) and will then permit Kyocera Corp. to renew its motion to transfer venue (and address the totality of circumstances), or seek any other appropriate relief.

Accordingly, IT IS FURTHER ORDERED that:

1.    No later than December 27, 2017, Plaintiff shall, if it wishes, dismiss Kyocera International and file an amended complaint.

8

2. No later than January 3, 2018, Kyocera Corp. and/or Kyocera International shall advise the Court, by motion or by letter, whether one or both of them seek transfer to the Southern District of California and/or any other relief.

3. In light of the foregoing, the portion of Defendants' motion to dismiss the First Amended Complaint for failure to state a claim is DENIED WITHOUT PREJUDICE (D.I. 16; *see also* D.I. 17 at 10-20), and KPN's motion for leave to file another amended complaint (D.I. 20) is also DENIED WITHOUT PREJUDICE.

December 18, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT